Next case is number 22-3456, Lee Re Jeffrey Prosser. Mr. Blue Thank you. Good morning. Norm Deboe, appearing pro se as appellant, along with me at the table as my co-appellant, Sean Bach, Mr. Robert Craig, the other appellant in this case is physically, and he has medical issues which preclude him from being here. Are you reserving time for rebuttal? I am reserving three minutes for rebuttal. Granted. Mr. Booth, this sanctions order was entered in 2010, was it not? Originally, yes. And you did not raise it at Jared's issue until filing a supplemental memorandum in connection with the motion. You never raised it in the motion for reconsideration, did you? In the original... No, I'm talking original, I'm talking more recently. Yes, it was raised as a motion for reconsideration in the bankruptcy court. The Jared, specifically in Jared's issue? No, that was raised as a motion for reconsideration in the district court level. That's correct. And where is that in the record? The docket number? Yeah, or the page. It's in a specific motion that's referenced. I don't have the reference for that. My reading of the record is that it was raised in a supplemental memorandum. Yes. Not in a motion for reconsideration. Is that correct? We filed a motion for reconsideration. Yes, you are correct. We filed a motion for reconsideration and then I filed a supplemental memorandum in support of the motion for reconsideration raising the Jared's issue. Why should we now consider this argument? It's never been raised in a moving paper or document that you have filed. Why should we consider? Why is it not forfeited and waived after 12 years and all this litigation and then you raise it in a supplemental memorandum? What authority would you cite for the proposition that we should entertain this? The Supreme Court decision in wellness, the Supreme Court decision in knowing. Are they exactly the same situation? Of course not. They're not exactly the same. However, they are extraordinarily similar, especially the noise in case because the noise in case specifically addresses whether territorial courts are district courts and whether the district of the Virgin Islands is a judicial district under Chapter 6 of Title 1. And in that case which dealt with the Marianas Island is I'm sure you're aware the Ninth Circuit. Well, that case was decided in 2003. Correct. So you had 12 years to cite a similar to raise a similar argument. Have you not? That's correct. And you didn't. Why didn't you? 12 years. I'm sorry. Why didn't you? Why didn't you raise it? Because in all honesty, I've never in my career of 40 years have had to look at the issue of the structural integrity of the way the courts are composed. But you've been in this bankruptcy court for a long time. Understood. Mitigating and not really caring about. I wouldn't say not caring, Your Honor. I didn't know. It was also an issue of wellness was annoying was decided in 2003 is to point out and that was well known. Of course, we should have known as lawyers. We are presumed to know the law, but it was also never addressed in Henry Watson, which was a 2015 case in the District Court of the Virgin Islands in which the same issues regarding the structural integrity of this of the Virgin Islands Bankruptcy Court was raised. But in 2015, 2015, but we're now you was raised in 2022. Understood in what but my point is it wasn't raised by the county, the Department of Justice as amicus in Watson, and it wasn't raised. Why are they going to raise the fact that maybe the court doesn't have jurisdiction? It's you who cares you care. I do care, but it's not a label issue. Your Honor. No one makes that extraordinarily clear when you're dealing with the structure. We'd also sit didn't say it was jurisdictional. Wynn said it was non-jurisdiction. As did Freytag. The Supreme Court in Wynn and Freytag did not say that this was a jurisdictional claim. They said in those cases that it was non-jurisdictional. If this issue goes to the structural integrity of the Virgin Islands District of Bankruptcy Court. Right, but if it's if it's non-jurisdictional, then it's waivable or forfeitable. Wynn had to do with the supervisory power of the court. The supervisory, all of the cases that address the issue of including wellness has to do with the structural integrity of the courts. You're not making a jurisdictional argument. Sorry? You're not making a jurisdictional argument, right? I'm making a structural argument. You're making a structural error, but it's not a it's not a jurisdictional error. Well, quite frankly, the jurisdictional grant to the Virgin 1612 A, which says that the Virgin Islands District Court has the jurisdiction of a bankruptcy court. That is a jurisdictional limited grant of jurisdiction. The bankruptcy courts are defined by 2028 Chapter 6 as being units of a district court. Their very power to rule their jurisdiction, their power to rule both the power, the jurisdiction here, and the power of the court to root the judge to rule depends upon direct supervision by an Article 3 court. That principle is made clear throughout the cases by the Supreme Court of the United States. It emanates from the Constitution. Where is there authority that needs to be direct supervision? We are Article 3 judges. The case comes to us. Where, what's the authority that needs to be direct supervision? Article 3 of the Constitution and as reflected in the wellness decision, the court specifically said that the power, the constitutionality of the donation of power to an Article 1 judge depends directly on total control and supervision of an Article 3 court. In essence, what's happening here is a self-delegation. Arguably, if you talk about the 332 issue under juris, what they're really saying is that Congress empowered the Judicial Council to assign judges for the efficient operation of justice within the system, administration of justice. I'm curious about your reliance on wellness because there they said these types of considerations, structural considerations can be forfeited. Why is this not been forfeited? What? They said it can be forfeited only if the issue is not involved with the structural integrity of the system. Well, it's not going to be forfeited with consent and that's what we have here. But they said very clearly that consent is only applicable if there is not a major issue, a structural integrity Article 3 issue involved. That's made clear in the wellness decision. All of the judges, all the justices in that case made it very clear. They all agreed that even those justices that said there can be consent to a bankruptcy court here in the non-court issue said provided it does not, consent can be allowed, provided consent waiting can be allowed, provided there is not the integrity of the system, the structural protections of Article 3. They call it the structural protections. They call it the structural principles. In Peretz, I think they use principles. But as long as that issue is not involved, then consent or waiver is permissible. So is it your position that this court cannot effectively supervise the bankruptcy courts? Far would, it would be far from me to impugn the powers of this court. However, the principle is direct and yes, to answer your question directly, by having a layer of an Article 4 judge directly supervising and controlling the powers that the rulings and the workings of an Article 1 judge, you have a legislative judge, an Article 1 bankruptcy court judge being supervised directly by an Article 4 legislative judge and then whatever survives that process gets to an Article 3 court. That is a dilution of the power of direct supervision and control. I understand your argument about it being a structural constitutional problem. I guess I'm still not clear. The first page of your reply brief says this case does not involve a subject matter jurisdiction issue. Is that your position? Can we put the question of subject matter jurisdiction to side and are we simply talking about a non-jurisdictional structural problem? It depends on what you want to rule on the case. We start with the principle that the structure is constitutionally impermissible under the findings and holdings in Noyan. If the court were to say that Noyan is factually distinguishable then we have to look at the interpretations of, well, Noyan dealt with the interpretation of Title 28. If that's not sufficient, the interpretation of the statutory language to overrule, to find that the structure here is impermissible, then you look at the constitutional principles which go to the jurisdiction, the power of an Article 1 court to operate, that is dependent on it being the unit of an Article 3 court. The jurisdiction under 1612 is to the district court, is that the district court judge in the Virgin Islands District has the jurisdiction of a bankruptcy court.  It is by definition derivative. So your position is that it is jurisdictional and that statement in your brief is not accurate. I would concede that it is, that my main focus is that no matter how, whether you find this to be a jurisdictional issue or not, ultimately the interpretations of Title 28 as set forth in Barrett's or as contradicted in Noyan, structurally, the constitutional issues make it a structural problem. So it depends what level of interpretation they're looking at. To the extent I misstated it, I apologize if I was not clear in my arguments. And they left an opening for context, for an understanding of perhaps a broader view. They talked about an addition expressing a wider commentation. That term ordinarily excludes Article 4 territory courts, okay, without something expressing a wider connotation. Are you familiar with Judge Manson's concurrence in the Jarrett's case talking about BAFTA and the enactment of BAFTA and how Congress's enactment of that statute would, a lot of the terms of that statute would be meaningless if the territorial courts were not considered to be district courts and have a judicial district such that a bankruptcy judge could be transferred, etc. Are you familiar with that? Yes. How is that, how is that incorrect? Is it not accurate to say that because Congress enacted BAFTA and clearly under that statute, it anticipates bankruptcy courts, the judges will be transferred and the district courts will have power over bankruptcy cases? How does that not overrule the definitional section, if you will, as to what is a district court or judicial district? The Jarrett's case defined the issue very clearly. It said that if district court is viewed territorially or if it's viewed as a connotation of an Article III court, that the determination of that, those either or's would determine the outcome of the case. The court in Jarrett's found it to be, they based their decision on an anticipation. You're not answering my question. My question is directed to Judge Manson's point that fits snugly within Wynne's consideration of something that would express a wider connotation. BAFTA expresses a wider connotation such that the district court and judicial district should not be limited to the definitional section. But when we're looking at the bankruptcy system, which is different from Wynne, we're looking at the bankruptcy system and we have BAFTA, we have to say that is the wider connotation that gives meaning to the district court of the Virgin Islands, judicial district of the Virgin Islands. Otherwise, BAFTA is meaningless. Would you address that? Yes. 157A.4 makes it clear that the definition of judicial districts and district courts is specifically set forth in Chapter 5. But that was enacted years ago. Years ago. And then we're looking for a wider connotation expressed by Congress to say that that isn't what should And Judge Manson supplies the answer. We have Congress expressing its intent in BAFTA that these Virgin Island district courts are district courts and judicial districts for purposes of the bankruptcy system. To the extent that that is the definition of what he is saying, I suspend the speculating that he is constitutionally incorrect. It's a shame. Shame, excuse me, that she is constitutionally incorrect. You cannot have an Article 4 court. Also, that interpretation of the statute is based upon, as you pointed out, an anticipation. It's not based on the actual language of the statutes. The actual language of the statute makes clear that when Congress is talking about the Virgin Islands territorial court or the territorial courts of the Virgin Islands that they talk about the district court the district court and they specifically mentioned that as a territorial court twice in 152A4 or 152, they've used the term district court of the Virgin Islands. Are you citing BAFTA? Are you citing the Bankruptcy Administration Federal Judgeship Act that was passed in 1984? That, my understanding, which may be incorrect, my understanding is that when Northern Pipeline struck down the system as it was then constituted because the court, the Article 1 courts were standalone courts. Exactly. Then the courts, Congress was given an opportunity to come up with a fix because now Northern Pipeline withheld the implementation of its order for a period of time. That's when the court system came up with its proposed fix, its interim proposals, which then were obviously incorporated by Congress in its revision and implementation of Chapter 6. The points that were incorporated from that are specifically set forth by Congress in Chapter 6 of Title 28. It's actually a very well-thought, cohesive, I would call it excuse me. Even if we accept everything you're saying, Jared holds the contrary. So really, you're going to have to seek automatic review here, right? Is that? That has come across our mind, yes. Yes, Justice Kennedy long ago said that not only do we look at the rules based on the facts of the case, but we also look at the rules of law that were applied in determining the case. And I would submit that the rule of law in Noyan strongly supports the conclusion that the Virgin Islands Territorial Court is not a district court. Yeah, it certainly lends credence to your argument. As you pointed out, it interprets a provision of Title 28, a different provision than the one at issue here. But if the one at issue here is read in a parallel way as the one that's read in the wind, it supports your argument. But Jared's is directly on point. So as a panel, you're familiar with our I repeat on that. As a panel, we have to stand by Jared's. There is precedence that says when there's an intervening Supreme Court decision that the prior annunciations of a certain court are not necessarily binding. That would be obviously your decision to accept. I mean, you have two problems with that. It's Jared's is directly on point with the provision at issue here when addressed a different provision and even worse for that argument, I think, is that there was an alternative holding of Jared's. You're talking about 332D? Yeah, exactly. And with that, if I may, 332D, I believe, I submit, represents an unconstitutional delegation of congressional power to create a court. It's a subdelegation of that power. All right, but you can assume you're correct about that. Jared's held otherwise. As a panel, we've followed Jared's. I understand your position. Is there anything else? Why did the jurisdictional issue that cannot be forfeited? Outside of the jurisdictional issue, is there any argument that cannot be forfeited? In the context of the constitutional structure of the courts, there are no waivable arguments. Under Nguyen, that was specifically addressed. The Solicitor General raised issues of employment clause issues as well, right? That's true in Britag, for example. And the court describes that also as a non-jurisdictional structural constitutional error. What do you make of Justice Scalia's concurrence emphasizing that those types of arguments are, nonetheless, waivable? Justice Scalia was highly intelligent and very articulate and an excellent writer, but his position was not controlling in wellness, in Nguyen, or under the findings in wellness. And the rule enunciated by these cases is that when the structural integrity of the system is at issue, the Article III protections, the separation of powers between legislative, executive, judicial, when those issues are impacted, significantly impacted, not just in a one-off type of situation, that those issues of de facto judge, waiver, consent, the merits of the sanctions in this case, the integrity of the system, the public reputation of the system to uphold its prior decisions, those are not issues which preclude consideration of the structural condition. They don't preclude consideration, but your argument to us is that they mandate it. And I'm asking, where in the opinion do you see mandate? Because it certainly describes all of the concerns that you've identified as being very important. But then the court's language in Nguyen is that it's for those reasons that it has agreed to correct that error here. That sounds like voluntary language, doesn't it? Not in Nguyen, though. In Nguyen, as I said, the Solicitor General made all of those arguments. And the court recognized that those are valid principles and typically, in a typical case, would be recognized as perhaps governing principles for the case. But because of the structural integrity issue at play, they were not considered. It wasn't that they weren't, they chose to ignore those issues. I read the holding as saying those cannot be a bar. But that language is from Nguyen, that we have agreed to correct, at least on the record, view violations of statutory provisions that embody a strong policy concern for proper administration of business, even though the defect was not raised in a timely manner. Doesn't agreeing to correct, doesn't that mandate that it's correct? Yes, those are different words. Okay, but when you look at the importance of the issues, the essence of the agreement is because they felt they were mandated to do that. They could very easily have said, for example, that, okay, the three-judge panel on the Ninth Circuit was constituted of two Article III Ninth Circuit judges and one group of Marianas Highland. And then because it was a vote for two to support it, they could have upheld the Ninth Circuit's decision. They said they could not because the importance of the issue, the structural integrity of the court system, as mandated by the statutes enacted by Congress, in furtherance of, in obeisance of their Article III power to create inferior courts, having the supervision of an Article III judge. That mandated that. Yes, they used the word agreed, but their actions show that they disregarded all of those other issues because of the importance of the addressing the structural integrity of the system. Why don't those actions show that they exercise their discretion to address it because of its great importance? They specifically disregard, they tell, they say specifically, yes, we recognize those issues, but they are not controlling in this case. They specifically, I think it was, they reference judgment. None of that is consistent with discretion. I don't read that case as being a discretionary exercise of power of the Supreme Court. I believe they are denunciating a rule, the same rule that was enunciated by that court later in Congress in 2015 when they said that direct total supervision and control by an Article III court was essential to the functioning, the legal functioning of an Article I court, and that consent, if the structure involved the integrity of the system, the application of the constitutional protections of an Article III court, that issues of waiver and consent were not permissible. That's how I read those lines of cases. It's not discretionary, in other words, to answer your question directly. Yes, they use the word agreed. Yes, but their actual decision was that they put all of those in the extended. The Solicitor General has made all of these arguments. They are of no consequence in this context. All right. Thank you. We'll hear your rebuttal after we hear from Mr. Stassel. Thank you. Good morning, Your Honor. I think I'm going to start with the direct piece. I think that when they say, as far as the structure and what's important about this case, a good bit of their briefing talks about how the bankruptcy court has to be directly supervised by an Article III court, and somehow there's an infirmity if a bankruptcy judge is designated to sit in the prison homes to assist the district court with bankruptcy cases, that somehow that creates some infirmity. I don't read the cases to say this has to be a direct, as in my first level appeal, to an Article III court for a decision by a bankruptcy judge. I don't see that word direct in the case law. I do think there has to be supervision, of course, and here we have it. We have, you couldn't have more direct supervision than the fact that the Third Circuit itself is designating the judge from another district to sit in the prison homes to assist the district court. And of course, the Third Circuit would have the power, Article III judges to change that designation at any point in time. You could have no more direct supervision. If the Third Circuit has the power, as an Article III court, to somehow be not correct or weakened. But if the Virgin Islands is not a judicial district, by the definition of section, and if district court does not include the Virgin Islands under the definition of section, then you can't be right. But we do have, we do have garrants to deny. We have garrants, and of course, we believe garrants still is good law. Which holding of garrants would you wish us to adopt here? Well, garrants has not been overruled. I'm not going to concede anything with regard to garrants here today, but certainly the power, the 332 argument is untouched by the Supreme Court's decision. And I think in Sherriff's, the court carefully goes through and does, this court, the Third Circuit goes through and carefully analyzes that particular statutory provision and finds that it is a positive. It's not just sort of a general application, but that the Third Circuit is doing exactly what 332 D is  You know, it's not just sort of a throw-away provision within Jarrett's. It's carefully analyzed, and this court determined that this is exactly what it should be, under that, what Congress wanted the Third Circuit to do. Do you concede that the text of 155 and 451 appear to preclude the current mechanics of the transfer? What a tough question. I think in my reading, it weakens. I think it potentially does weaken that piece of Jarrett's, because it could be read to weaken that. And that's why I think, in part, that the second provision of When you look at these cases, this is not a situation where you have an executive branch of Congress weakening the judicial branch at all. I mean, when we talk about these other cases, where we have non-Article III judges trying to sit in the role of an Article III judge, for example, on the appellate panel, that's not happening here. We don't have in any way sort of a structural problem that you see in these cases between an Article III court and a non-Article III court. Well, that supports your constitutional issue. You're saying it's not a threat to the separation of powers because the territorial district judge is an Article IV judge. That's right. Not an Article III judge, but I'm not sure that helps you get over the initial hurdle of whether the territories under Congress's scheme don't require territorial district judges to sit as bankruptcy judges. Well, I guess the way I read the statute is the district court judges in the Virgin Islands have the power to hear bankruptcy cases per statute. Right. And the way I read, for example, I have here that I have with you, you know, the most recent designation of bankruptcy judge for service in another district within the circuit, the order of the district court energy, and it doesn't set up a separate bankruptcy court. That's not what appears what the Third Circuit is doing. In fact, two nights ago, I went on the Third Circuit's website and it lists the bankruptcy courts within the Third Circuit and I practice primarily in Delaware, but I was surprised the Virgin Islands is not on the Third Circuit's website. So I think the way I view it is what the Third Circuit is doing. No, it's not a bankruptcy court, and Judge Fitzgerald was a bankruptcy judge. What she did, Judge Walrath was a bankruptcy judge, and what she did, what she did. Right. So I view it as the Third Circuit not necessarily setting up a separate bankruptcy court and appointing a separate bankruptcy judge for the Virgin Islands. The Third Circuit is merely designating an experienced bankruptcy judge from another district to assist the district court, which we, I think everyone admits and agrees the statute gives the district court the power to decide bankruptcy cases. So what the Third Circuit is doing is saying we're going to help the district court out by designating a judge with a specialization to assist the district court.  If it's not a federal district court by definition, then where does that take us in terms of the appeal process and whether the appeal is properly adhered to? Yeah, I think that's a real issue. I think it is an issue. Only in the sense that the ordinary... If we don't have jarrods. If you don't have jarrods, that's correct. If you don't have jarrods. I don't think ultimately it matters because the district court has its own separate statutory provisions and is set up, you know, unlike, it's just not exactly like every federal district court within the continent of the United States. So I don't think there's some great infirmity with the concept and the Third Circuit's rulings that the bankruptcy court, I'm going to call it bankruptcy court, decisions within the Virgin Islands are first reviewed by another, I'll say district court bankruptcy judge before it comes to the Third Circuit because ultimately this court, the Third Circuit, Article III court, can review it and make sure that its power is not somehow being emasculated by this process, which by the way is not being thrust upon the Article III court by the Congress. It's actually the Third Circuit itself, which is deciding how this process should work, the most efficient process. Deidre, when as allowing for exercise of discretion or I think as they termed it, we view, they viewed the case as an appropriate case for the exercise of supervisory power. Do you view this as that, as a proper case for the exercise of supervisory power or is it the situation where we should say it's been forfeited and waived and we won't hear it? Well, first of all, we do believe it's been waived. We do believe the issue's been waived for sure and just to be crystal clear, we have two orders. We have the original sanctions order entered by Judge Fitzgerald. That worked its way up to the Third Circuit. The Third Circuit sent it back down and reinstated it. Basically, what happened for some period of time is the payments were not being made, the sanctions order was not being honored and we saw frustration on the court. What do we do? I think the judge even went in and said, what do you want me to do? Jail? And so, we decided to take that burden off the court so the court's not trying to enforce an order that's not being obeyed. So, we filed a motion to convert the court's order to a judgment. So, now it's on us, the court is relieved and now it's on us to try to enforce it. It was the entry of that second order, converting the sanctions to a judgment, which then works in this court now. You know, I could even see a situation where this court says, if the court undid the judgment order, I think we'd go back to a situation where the sanctions order, which already came to this court, but still, we just basically revert back to that order because it's already come up here. This court's already ruled it was proper. Unless, well, yeah. And would the courts, I mean, there have been statements in quarters of our court saying, the bankruptcy court had jurisdiction, the district court had jurisdiction, we have jurisdiction. I mean, are they, do we have a lawful case here? Well, we do have a lawful case, yes. We do. What do you think to the argument that it's, regardless of whether it's jurisdictional, that the problem here is that Supreme Court has now said that these types of structural constitutional problems are of a magnitude that they simply can't be waived. Yeah, I did not read the Supreme Court's case quite as strongly as my abled opponents. I do agree, they said we agreed to take the case. They didn't say that we have to take it, we have to change it. And in fact, if you look at the dissent, the dissent says it's under 70 years of precedent where we decide this case is based on waiver. And I think if it were a mandatory constitutional issue, we would have sent in the strong opinion they wrote. So I don't think it's a required thing. I think, I think if you have a situation, as they say in that case, where you have a non-Article 3 judge sitting and making a decision that only an Article 3 judge should make, I can see why the Supreme Court would say this is something we should correct. And particularly that opinion talks about the fact that it's a one-off. The only thing that the Supreme Court's doing there is sending a message correcting it. And they say this is a one-off. We're going to send it back to the appellate court to have another appeal. The relief that's being asked here is every single bankruptcy order, every single order entered by a bankruptcy judge in the Virgin Islands from the beginning of time to today would be void of an issue. Well, they don't need that to happen, but that's the upshot of their argument that we need to accept it. Yeah, it just, it breaks the mind. As I understand it, Mr. Stassen, your best argument to distinguish what the Supreme Court did in Wynn from this case, is this case, is that in Wynn, there was an incursion on Article 3. And here, to the extent there's anything amiss, it's an incursion on Article 4. There's no Article 3 issue implicated. In fact, to the extent there's an Article 3 issue implicated, Article 3 court has specifically directed the territorial court to behave in this way by our court consistently appointing bankruptcy judges to serve in the territory. Correct. I think perhaps the Third Circuit not wanting every bankruptcy direct appeal coming to it, the Third Circuit would be inundated because so many orders entered by bankruptcy judge or interlocutor totally appealed. So it makes practical sense to have a first-level review of those orders because there's just so many evidence to appeal. It's not practical otherwise. But yeah, I don't view it as an incursion as to Article 3 power or authority or jurisdiction. Thank you, Mr. Stassen. Let's hear from Mr. Boutry now. Thank you for your time and attention. Thank you. We heard this court's suggestion a moment ago that the only proper way to overrule Jared's is by unbiased review. We asked this panel to make that referral directly and let the entire court decide if it wants to review this appeal. Aside from, and thank you for that, but with regard to the specific questions about direct control and waiver, I would refer the court to the wellness decision in pages 675-676, where they reflect on the holding in Commodities Future Trading v. Shore, 478 U.S. 833, the 1986 case. And that case involved the question of waiver and the Supreme Court of Wellness, and I will quote this, the court, the court, the Shore Court, went on to state that a litigant's waiver of his personal right to an Article 3 court is not always dispositive because Article 3, quote, not only preserves to litigants their interest in an impartial and independent federal adjudication of claims, but also serves as a, quote, an inseparable element of the constitutional system of checks and balances. To the extent that the structural principle is implicated in a given case, but only to that extent, the parties cannot by consent cure the constitutional difficulty. Why did you lose that here? Our standard of review in a bankruptcy case is to know them, right? Yes. We're reviewing the bankruptcy court's decision as if directly. Yes. And in the case of the Virgin Islands, if it's a district judge acting as the bankruptcy judge, that's coming directly to us, right? But that's not what's happening. But you're correct. Your question is, I agree. So, but your argument seems to be that for, if there is a district judge that in addition to our court is hearing and reviewing that case, that it somehow deprives the litigant of the review by an Article 3 court. Why does having an additional court, an Article 4 review, in addition to our court, mean that there's no longer review by an Article 3 court? A couple of points. One, Article 1 court, an Article 1 judge, by constitutional definition, is only empowered if he or she is subject to the direct, not indirect, not secondary, not self-delegated, total control and supervision of an Article 3 judge. What we're talking about is a judge that's not subject to the exigencies of having to be appointed or the exigencies of having their salaries impacted. That's the constitutional protection. Where do you want to take that? What is the case that says that there must be a direct review? And in bonus points, if it's direct review where an Article 3 court, nonetheless, is reviewing de novo? Perez and Gomez both state specifically, and it's referenced in wellness, that there must be total direct control and supervision of an Article 1 judge by an Article 3 court. The distinction is that you're reviewing, your power, the power of review is diminished by inserting an Article 4 judge in between. Even though, because, right, how's that any different than having an Article 3 district judge in between the bankruptcy judge in this court? Because I don't, I don't appreciate how there would be any distinction there. It's the constitutional protection of an Article 3 judge, which I just, that sounds like an assault on the existence of territorial courts that you can't, I mean. No, territorial courts are authorized, first of all, the Article 4 judge and the Article 4 district court are both authorized by Congress in 1611, 1612, 1348, not Title 28. Right. And to your initial point, if the, the way the system was set up initially, after the revision of the statutes, was that the district court judge of the Virgin Islands was appointed under 152A4 as the bankruptcy judge. Right, we understand that, but I thought what we were talking about is the relevancy or the supervisory power of the Third Circuit Court of Appeals over what happens with bankruptcy judges. And what I didn't appreciate or understand in your argument was that it seemed, you were saying that if a case goes from a bankruptcy judge here in the Virgin Islands, someone who we all agree, you don't, you don't challenge, do you, that Judge Fitzgerald and Wildrath were duly appointed bankruptcy judges, correct? No, they were duly appointed Article 4 judges. Right, and so what I don't understand is if Judge Fitzgerald makes a decision in a bankruptcy case here in the Virgin Islands and then it goes on appeal to the district court of the Virgin Islands and then the Third Circuit, I don't understand how that's any different in terms of this court's power than if Judge Fitzgerald made a decision in Pittsburgh and went to the Western District of Pennsylvania and then came to this court. What's the difference? The difference is that in the initial conduct of the case, the Article 1 bankruptcy judge working in the Virgin Islands is not subject to the direct supervision and control of an Article 3 judge. To a certain extent, they might have more latitude. They might take more liberties. Nevertheless, they are constructing the record without the power of removal of the referral, that power, that supervisory power, which is and held to be the essence of the supervision power of an Article 3 court, the power to revoke the reference to the bankruptcy court. That's not there. It's a structural protection. They may not have done anything wrong. I think that supports your argument that the set-up or the scheme is void out of the issue. I understand that argument, but I don't understand how that helps you at all if we assume what you don't want to assume. It's not void out of the issue. I don't understand how that helps you, at least for me, I don't think it makes a difference that it goes through that process because we hear appeals all the time from the courts here in the Virgin Islands, and I still don't appreciate the distinction that if that appeal that comes to us from the District Court of the Virgin Islands starts with a newly appointed bankruptcy judge here, how is that any different than if it started in Newark? In all of those instances, the conduct of the bankruptcy judge, whether it be the Article 4 bankruptcy judge, District Court judge here, or the Article 1 bankruptcy court judge in the Judicial Districts and Article 3 District Courts, are subject to the direct controls and provision of an Article 3 court, this court in this circuit. That's not the case in the way that the case, the system's been set up here. Because why is there a direct? I don't understand how it's direct because we don't, we don't meddle with what bankruptcy court judges do in Pittsburgh and Wilmington except after the District Court issues a final order or an appealable order, right? So we don't exercise direct, to the extent you're seeking direct control, it's not direct, it's in between this court and the bankruptcy court is always a District Court. It might be an Article 3 District Court, it might be an Article 4 District Court, but it is a District Court. Those are not distinctions without a difference. Right, but I'm asking why, what is the, other than your argument that it's void on issue because you can't have bankruptcy judges in the territory because Congress has not so defined it. That's the argument I get, but apart from that, you still haven't explained how, to me anyway, why it makes a difference. I guess we'd have to go back to the Federalist Papers, James Madison, talking about the separation of powers and how the power of the people was first delegated to the government through the Constitution, and then that power, the Constitution power, is delegated to the three branches of government, and Article 3 sets out that the judicial power of the United States is vested in the imperial courts created under Article 3 by Congress. Congress did not create the bankruptcy court in the Virgin Islands District. That's been created by the order of referral by the District Court in the, by an Article 4 District Court order of referral. That is a sub-delegation of the power to create a court, and you take that along with the principle that an Article 1 judge only has the right to rule on anything if it's, if he or she is under the direct supervision of an Article 3 judge. That principle is well established in Perez, starting back before the pipeline, then Perez, Gomez, Schor, Wellness. That control is mandatory for the existence of an Article 1 judge having the right or power to rule. Then we're not creating a new court or making an appointment of a bankruptcy judge in the Virgin Islands. This is a transfer of a bankruptcy judge who has already been duly appointed to come and hear a case here that is then reviewed, ultimately, by the Third Circuit judges, and it's given plenary reviews, de novo review. So I'm struggling with how there's any less supervision. I mean, you're using this term supervision as if there's, you know, a district judge or appellate judge who's standing next to the bankruptcy judge. Supervision is, we're reviewing de novo, and to the extent you're suggesting there's some issue about whether you can, if there's some misconduct or not following, you know, along with, you know, proper bankruptcy rules, we can't retract that authority. That doesn't seem to comport with the statute or the orders of transfer, which are, they emanate from this court and could be revoked by this court. That's an interesting question. I think what you're talking about is the circuit court, the judicial circuit's power to assign a bankruptcy judge to this district. If that assignment stood alone as having an Article I judge sitting with a District 3, Article 4 judge at the district court level, that would be a more perplexing issue because then direct review, supervision and control, would be with this court, an Article 3 court. But what's happened is this judicial council and this court have assigned an Article I judge to an Article 4 territorial court, which has then reverted down into what we typically call a unit of the district court. But the Article 4 courts don't have that power. The referral power is in 28 U.S. We're not reviewing the decision of the Article 4 court. We review the decision of the bankruptcy court. So that would be the decision of the Article 1 court that we are directly reviewing. And I'm submitting that the case law and the Constitution do not permit that. That is your void of initiative. It's a diffusion of the power of control to have to go through the Article 4 court to get to you. That's the sub-delegation. That's the diffusion of power. Your argument is that Congress could provide for bankruptcy permits in the territories and Congress has not yet done so. They could have. I think to unravel that string, I think that it would require the making, which I don't really know why it hasn't been done. But this court, district court here, has not been made in Puerto Rico into an Article 3 court. And the case law is clear that even if you have a jurisdiction of an Article 3 court, that does not make you an Article 3 court. Only Congress can do that. So at that level, if you're, it sounds like you're talking about the court of appeals having the hope to do no overview so we can determine whether or not there was something inferred in the bankruptcy court proceeding. That's not the issue. The issue is the structural integrity, the structural attachments of Article 3. But it's the issue to the extent that you are arguing that there is a constitutional problem because there's not access to an Article 3 court. And the cases that you're pointing us to are cases where there wasn't that access, where there's a final decision without access to an  Article 3 court. In that case, that was, you know, the Ninth Circuit. And they had direct review by an Article 3 court, but found that the way the panel was structured was impermissible and therefore its decision, even though validated by two Article 3 judges, was so structurally inferred that it could not stand. And that's what we're saying here, that the structure of having an Article 1 judge not in the unit of an article, they're not in the unit of this court. They're in a unit, they're pretending to be the unit of an Article 4 court. There is no congressional provision for that structure. There is no congressional provision for referral by the district to a unit. That referral power, 157, is limited by the reference to the district courts, which, under Wynne, are defined as not including the territorial court. It just seems like your argument is based on a premise of a counterfactual. I mean, according to this court here in the Virgin Islands, the district court of the Virgin Islands, the bankruptcy court is a division of this district court. That makes the bankruptcy court here an Article 4 court, not an Article 1 court. But I understand your point. You're saying Congress didn't allow that to happen. You're saying, so I think we're going round and round. I think we apprehend your arguments. Thank you. Thank you for the helpful argument, both Mr. McClure and Madam Roberts.